**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **MICHAEL WOLFE** | ) |
| 1523 South Spring Street | ) |
| Independence, MO 64055 | ) |
| | ) |
| Plaintiff, | ) Case No. _____ |
| | ) |
| v. | ) |
| | ) |
| | ) |
| **JOHNSON & JOHNSON COMPANY** | ) |
| SERVE: Registered Agent | ) |
| One Johnson & Johnson Plaza | ) |
| New Brunswick, NJ 08933 | ) |
| | ) |
| and | ) |
| | ) |
| **JANSSEN PHARMACEUTICA, INC.** | ) |
| SERVE: Registered Agent | ) |
| J.T. Woodward, III | ) |
| One Johnson & Johnson Plaza | ) |
| New Brunswick, NJ 08933 | ) |
| | ) |
| Defendants. | ) |

## <u>COMPLAINT</u>

COMES NOW Michael Wolfe, plaintiff, and for his Complaint, states and alleges as follows:

1.  Plaintiff Michael Wolfe is an adult, resident and citizen of the State of Missouri.

2.  Defendant, Johnson and Johnson Company ("J & J"), at all times relevant herein, was and is a corporation duly formed and existing under and by virtue of the laws of the State of New Jersey with its principal place of business in the State of New Jersey. At all times relevant herein, J & J has been authorized and is doing business in the State of Missouri, in Jackson County,

and throughout the United States. J & J has appointed Johnson & Johnson, One Johnson and Johnson Plaza, New Brunswick, New Jersey 08933 as its registered agent for service of process.

3. Defendant, Janssen Pharmaceutica, Inc., ("Janssen"), at all times relevant herein, was and is a corporation duly formed and existing under and by virtue of the laws of the State of New Jersey with its principal place of business in the State of New Jersey. At all times relevant herein, Janssen has been authorized and is doing business in the State of Missouri, in Jackson County, and throughout the United States. Janssen has appointed J.T. Woodward, III, One Johnson and Johnson Plaza, New Brunswick, New Jersey 08933 as its registered agent for service of process.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds Seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and because there is complete diversity of citizenship between Plaintiff and each Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because the drug was sold and ingested in the state of Missouri.

## FACTS PERTAINING TO ALL COUNTS OF COMPLAINT

6. Plaintiff was prescribed Propulsid which he ingested on multiple occasions for nighttime heartburn between approximately 1994 and April, 1996, to be taken as necessary.

7. While taking Propulsid, Plaintiff had a dropping spell which caused him to fracture his left humerus.

8.    Additionally, while taking Propulsid, Plaintiff sustained an extensive myocardial infarction.

9.    At all times relevant, Janssen Pharmaceutica and Johnson & Johnson (hereinafter "Manufacturing Defendants") by themselves, or by use of others, did manufacture, create, design, assemble, test, label, sterilize, package, distribute, promote, supply, market, sell, advertise, warn, and otherwise distribute in interstate commerce, the product Propulsid.

10.    At all times material hereto, Manufacturing Defendants have sold and/or distributed such products for ultimate sale and/or use in the State of Missouri by patients including Plaintiff.

11.    At all times material hereto, Manufacturing Defendants were acting by and through its agents, servants, and/or employees, each of whom were acting within the scope and course of their employment by or agency or authority on Manufacturing Defendants.

12.    Propulsid was heralded as a new and safe alternative treatment for gastro esophageal reflux disease, including severe nighttime heartburn. However, the research, development and clinical trials for Propulsid conducted by Manufacturing Defendants showed that Propulsid could cause serious heart damage, including serious cardiac arrhythmias potentially leading to death.

13.    Despite the known toxic affects on the heart by this drug, Propulsid was initially marketed in 1993 with no warning in the package insert concerning the potential for serious heart damage, including serious cardiac arrhythmias from Propulsid treatment. Manufacturing Defendants deliberately withheld this information about the drug's potentially serious side effects from the physicians.

14.     The labels and warnings that accompanied Propulsid (Cisapride) when it was originally marketed in 1993 did not contain warnings or explanations sufficient to reflect the risks of this drug, including the increased risk of serious heart problems.

15.     Manufacturing Defendants conceded as much when they changed the product label on or about June 29, 1998, to include new information about the drug's toxic effects and to recommend that other therapies for nighttime heartburn be used before Propulsid.

16.     On or about June 1, 1999, Manufacturing Defendants again added additional warnings to the Propulsid label regarding serious cardiac arrhythmias and other heart damage.

17.     By December 31, 1999, the Food and Drug Administration (FDA) reported that 80 deaths and 341 heart rhythm abnormalities were linked to Propulsid use.

18.     On January 24, 2000, the FDA advised patients to undergo diagnostic tests before being placed on Propulsid because of the risk of severe heart rhythm abnormalities. The FDA also recommended that patients who were already taking Propulsid should undergo a full cardiac evaluation.

19.     On or about March 23, 2000, Manufacturing Defendants decided to stop marketing Propulsid in the United States.

20.     On or about April 12, 2000, Manufacturing Defendants announced to healthcare providers that Manufacturing Defendants would market the product until July 14, 2000, and would continue to ship Propulsid to pharmacies until approximately mid-August 2000.

21.     By failing to include complete and accurate warnings at the outset of their marketing and promotional activities, Manufacturing Defendants falsely and fraudulently withheld relevant

information from potential Propulsid (Cisapride) users, and minimized user and physician concerns regarding the safety of the product.

22.     Manufacturing Defendants, by affirmative misrepresentation and omissions, falsely and fraudulently created the image and impression that the use of Propulsid (Cisapride) was a safe drug for the treatment of nighttime heartburn, when in fact the risk of heart failure with this drug far exceeds the potential benefits of this drug.

23.     Manufacturing Defendants failed to protect or adequately warn users about the serious dangers, which Manufacturing Defendants knew or should have known, would result from the use of Propulsid (Cisapride). The label and warnings included with Propulsid (Cisapride) were inadequate, particularly in light of the severe health risks caused by the use of the product.

24.     Plaintiff filled his first prescription on or about 1994, prior to the subsequent label changes that alerted physicians to the serious heart damage. At that time, prescribing physicians were unaware of the drug's health risks and the package insert did not call any special attention to the drug's potential for serious heart damage.

### COUNT I

### NEGLIGENCE AND NEGLIGENCE PER SE
### AS TO MANUFACTURING DEFENDANTS

25.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 24 above of this Complaint as though set forth in full herein.

26.     Johnson & Johnson (through its Janssen division) as well as Johnson & Johnson independently (hereinafter Manufacturing Defendants) had a duty to exercise reasonable care in the design, testing, study, development, manufacture, promotion, sale, marketing and/or distribution

of Propulsid. This duty included a duty to assure that the product did not cause users to suffer from unreasonably dangerous side effects and serious health problems which were foreseeable to the Manufacturing Defendants.

27.     Manufacturing Defendants failed to exercise ordinary care in the design, testing, study, development, manufacture, promotion, sale, marketing, quality assurance, quality control, and/or distribution of Propulsid into interstate commerce in that Defendants knew or should have known that Propulsid created a foreseeable high risk of unreasonable, dangerous side effects and health hazards such as serious heart damage that can lead to death.

28.     Manufacturing Defendants were negligent in the design, testing, study, development, manufacture, promotion, sale marketing, quality assurance, quality control, and/or distribution of Propulsid in that they:

(a)     Failed to use due care in the design, development and manufacture of Propulsid so as to avoid the aforementioned risks to individuals when Propulsid was being used for treatment of reflux;

(b)     Failed to accompany their product with proper warnings regarding all possible adverse side effects and health risks associated with the use of Propulsid and the comparative severity and duration of such adverse effects;

(c)     The provided warnings did not accurately reflect the symptoms, scope or severity of the side effects and health risks;

(d)     Failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of Propulsid;

(e)     Failed to provide adequate training or information to medical care providers for appropriate use of Propulsid;

(f)     Failed to adequately warn consumers and prescribing physicians (but instead actively encouraged the sale of Propulsid), about the following: (1) the need for comprehensive, regular medical monitoring to ensure early discovery of potentially fatal heart damage; (2) the possibility of death; (3) that the health risks posed by Propulsid may become debilitating, difficult, and painful, necessitating hospitalization, medical treatment, and/or repeated visits to the doctor, clinic, or hospital;

(g)     Failed to adequately test and/or warn about the use of Propulsid, including, without limitation, the possible adverse side effects and health risks caused by the use of Propulsid;

(h)     Failed to adequately warn users, consumers and physicians about the severity, scope and likelihood of heart damage and related dangerous conditions to individuals taking Propulsid;

(i)     Represented to physicians, including but not limited to Plaintiff's prescribing physicians, that this drug was safe and effective for use;

(j)     Once Manufacturing Defendants were made aware of the serious health effects of Propulsid through Adverse Drug Experience reports, failed to adequately, timely and promptly provide that information to the prescribing physicians or ultimate users; and

(k)     Were otherwise careless or negligent.

29.     Despite the fact that Manufacturing Defendants knew or should have known that Propulsid caused unreasonable, dangerous side effects to many users, Manufacturing Defendants continued to market Propulsid to prescribing physicians and consumers, including Plaintiff, when there were safer alternative methods of treatment.

30.     Manufacturing Defendants knew or should have known that consumers, including the Plaintiff, would suffer serious injury as a result of Defendants' failure to exercise ordinary care as described.

31.     Manufacturing Defendants were negligent per se in that they violated federal statute requirements as to warnings, advertisements and reporting of adverse drug experiences and provided inaccurate information in their warnings, informational materials and package insert in direct violation of the United States Food and Drug Cosmetic act as well as 21 C.F.R. Section 314 and 21 C.F.R. Section 200-299.

32.     Manufacturing Defendants were also negligent per se by withholding and/or misrepresenting to the United States Food and Drug Administration (hereinafter "FDA") information concerning the drug Propulsid (Cisapride) that is required to be submitted under the Federal Food and Drug and Cosmetic Act, Chapter 674, 52 State. 1040, U.S.C. 301 to 321, 331 to 343-2, 344 to 346a, 347, 348 to 353, 355 to 360, 360b to 376, and 378 to 395.

33.     Because of the breach of duty and negligent conduct of the Manufacturing Defendants, in the manner set for the above, Plaintiff has sustained injuries and damages on an ongoing basis including injuries throughout his ingestion of Propulsid from 1994 until April of 1996, and, thereafter as each ingestion of Propulsid has contributed to Plaintiff's ultimate injury. The acts and omissions of Manufacturing Defendants, in the manner described above, were the direct and

proximate cause of Plaintiff's injuries. Therefore, Plaintiff has a cause of action in negligence against Manufacturing Defendants in an amount substantially in excess of the jurisdictional limits of this Court.

34. The acts and omissions described herein of these Manufacturing Defendants were done with evil motive, intent to injure, ill will, and fraud for which Plaintiff seeks the additional award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Manufacturing Defendants for damages as follows:

(a) for physical and mental pain and suffering and other non-pecuniary damages to date and in the future;

(b) for medical bills to date and in the future;

(c) for loss of earnings to date and in the future;

(d) for punitive damages as are fair and reasonable; and

(e) for Plaintiff's costs herein expended and for such further relief as this Court deems just and proper.

## COUNT II

## STRICT PRODUCT LIABILITY (FAILURE TO WARN)

35. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive as though fully set out herein.

36. Manufacturing Defendants are manufacturers and/or suppliers of Propulsid. The Propulsid manufactured and/or supplied by these Defendants was not accompanied by proper warnings regarding possible heart damage or death associated with the use of Propulsid in that the

warnings given did not accurately reflect the symptoms, scope or severity of such injuries and health risks. In addition, Marketing Defendants failed to effectively warn users, pharmacists and physicians that the potential for serious damage existed.

37.     Manufacturing Defendants failed to perform adequate testing in that adequate testing would have shown that Propulsid poses risks of serious heart damage and related conditions and diseases with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made.

38.     Manufacturing Defendants knew, or should have known, that Propulsid was and is a dangerously defective product which poses unacceptable risks unknown and unknowable by the consuming public of serious heart damage and related conditions and diseases.

39.     The Propulsid manufactured and/or supplied by Defendants was defective due to inadequate warnings because after the Manufacturing Defendants knew or should have known of the risk of heart damage and related conditions and diseases, they failed to provide adequate warnings to consumers about the product and continued to aggressively promote the dangerously defective drug.

40.     As the proximate, producing cause and legal result of the defective condition of Propulsid as manufactured and/or supplied by Manufacturing Defendants, Plaintiff has sustained injuries and damages on an ongoing basis including injuries throughout his ingestion of Propulsid from 1994 until April of 1996 and thereafter, as each ingestion of Propulsid has contributed to plaintiff's ultimate injury.

41.     The acts and omissions of Manufacturing Defendants were done with evil motive, intent to injure, ill will, and fraud for which the Plaintiff seeks additional award of punitive damages.

WHEREFORE, Plaintiff prays judgement against Manufacturing Defendants for damages as follows:

(a)      for physical and mental pain and suffering and other non-pecuniary damages to date and in the future;

(b)      for medical bills to date, and in the future;

(c)      for loss of earnings to date, and in the future;

(d)      for punitive damages as are fair and reasonable;  and

(e)      for Plaintiff's costs herein expended and for such other and further relief as this Court deems just and proper.

## COUNT III

## STRICT LIABILITY (DEFECTIVE PRODUCT)

42.      Plaintiff, hereby incorporates by reference the allegations set forth in paragraphs 1 through 41 inclusive, as though fully set out herein.

43.      Manufacturing Defendants are manufacturers and/or suppliers of Propulsid.  The Propulsid manufactured, supplies and/or sold by Manufacturing Defendants was defective due to:

(a)      Defective design or formulation in that when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation;

(b)      Defective design or formulation, in that when it left the hands of the manufacture and/or suppliers, it was unreasonably dangerous, it was more dangerous than an ordinary consumer would expect, and more dangerous than other medications;

(c)     Inadequate warnings or instructions because the Manufacturing Defendants knew or should have known that the product created a risk of heart damage and related conditions and diseases;

(d)     Inadequate pre-marketing testing which if conducted properly would have revealed the serious problems with this drug prior to the first sale; and/or

(e)     Inadequate post-marketing warning or instruction because, after the Manufacturing Defendants knew or should have known of the risk of heart damage and related conditions and diseased, they failed to provide adequate warnings to users or consumers of the product and continued to promote the product.

44.     As the proximate and/or producing cause and legal result of the defective condition of Propulsid as manufactured, supplied and/or sold by Manufacturing Defendants, and as a direct and legal result of the disregard, carelessness, other wrongdoing and action(s) of Manufacturing Defendants, Plaintiff has sustained injuries and damages on an ongoing basis including injuries throughout his ingestion of Propulsid (Cisapride) from 1994 until April of 1996 and thereafter, as each ingestion of Propulsid (Cisapride) has contributed to plaintiff's ultimate injury.

45.     The Manufacturing Defendants' acts and omissions toward the Plaintiff were done with evil motive, intent to injure, ill will, and fraud for which the Plaintiff seeks the additional award of punitive damages.

WHEREFORE, Plaintiff prays judgment against Manufacturing Defendants for damages as follows:

(a)     for physical and mental pain and suffering and other non-pecuniary damages to date and in the future;

(b)     for medical bills to date, and in the future;

(c)     for loss of earnings to date, and in the future;

(d)     for punitive damages as are fair and reasonable;  and

(e)     for Plaintiff's costs herein expended and for such other and further relief as this Court deems just and proper.

## COUNT IV

## BREACH OF EXPRESS WARRANTY AS TO MANUFACTURING DEFENDANTS

46.     Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 45 inclusive, as though fully set out herein.

47.     Manufacturing Defendants expressly warranted that Propulsid was safe and effective as clinically tested and was of merchantable quality and fit for the use for which the drug was intended.  Manufacturing Defendants made these representations to the FDA, the prescribing physicians, the ultimate users and the American public.  Propulsid does not conform to these express representations because Propulsid is not safe and presents a high risk of serious side effects, including heart damage.

48.     As a direct and proximate result of such breach of express warranties, Plaintiff has sustained injuries and damages on an ongoing basis including injuries throughout his ingestion of Propulsid from 1994 until April of 1996 and thereafter, as each ingestion of Propulsid has contributed to plaintiff's ultimate injury.

WHEREFORE, Plaintiff prays for judgment against Manufacturing Defendants as follows:

(a)     for physical and mental pain and suffering and other non-pecuniary damages to date and in the future;

(b)     for medical bills to date, and in the future;

(c)     for loss of earnings to date, and in the future;

(d)     for punitive damages as are fair and reasonable;  and

(e)     for Plaintiff's costs herein expended and for such other and further relief as this Court deems just and proper.

## COUNT V

**BREACH OF IMPLIED WARRANTIES AS TO
DEFENDANT JANSSEN PHARMACEUTICA/JOHNSON & JOHNSON, INC.**

49.     Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 48 inclusive, as though fully set out herein.

50.     At the time Manufacturing Defendants marketed, sold, and distributed Propulsid for use by plaintiff, Manufacturing Defendants knew of the use for which Propulsid was intended and impliedly warranted the product to be of merchantable quality and safe and fit for its intended use.  Contrary to such implied warranty, Propulsid was not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was used as described above.

51.     As the proximate, producing cause and legal result of the Manufacturing Defendants' breach of implied warranties, Plaintiff has been damaged as described previously herein.

WHEREFORE, Plaintiff prays judgment against Manufacturing Defendants as follows:

14

(a)     for physical and mental pain and suffering and other non-pecuniary damages to date and in the future;

(b)     for medical bills to date, and in the future;

(c)     for loss of earnings to date, and in the future;

(d)     for punitive damages as are fair and reasonable;  and

(e)     for Plaintiff's costs herein expended and for such other and further relief as this Court deems just and proper.

## COUNT VI

### INTENTIONAL MISREPRESENTATIONS AND FRAUD AS TO DEFENDANT JANSSEN PHARMACEUTICA/JOHNSON & JOHNSON, INC.

52.     Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 51, inclusive, as though fully set out herein.

53.     At the time the Manufacturing Defendants manufactured, designed, marketed, sold, and distributed Propulsid for use by the Plaintiff, Manufacturing Defendants knew of the use for which Propulsid was intended and knew of the serious risks and dangers associated with such use of Propulsid.

54.     Manufacturing Defendants intentionally made a false representation as to the risks and benefits of the drug Propulsid to the prescribing physicians and ultimate users.  Manufacturing Defendants made these representations with reckless indifference to whether or not such representations were the truth.  Plaintiff relied on Manufacturing Defendants representations as to the risks and benefits of this drug.  Manufacturing Defendants' conduct was fraudulent.

Case 4:01-cv-00219-FJG   Document 1   Filed 02/28/01   Page 15 of 22

55.     As a direct and proximate result of such intentional misrepresentation by Manufacturing Defendants, Plaintiff sustained injuries and damages on an ongoing basis including injuries throughout his ingestion of Propulsid from 1994 until April of 1996 and thereafter, as each ingestion of Propulsid has contributed to plaintiff's ultimate injury.

56.     The acts and omissions of Manufacturing Defendants were done with evil motive, intent to injure, ill will, and fraud for which Plaintiff seeks the additional award of punitive damages.


WHEREFORE, Plaintiff prays judgment against Manufacturing Defendants as follows:

(a)     for physical and mental pain and suffering and other non-pecuniary damages to date and in the future;

(b)     for medical bills to date, and in the future;

(c)     for loss of earnings to date, and in the future;

(d)     for punitive damages as are fair and reasonable;  and

(e)     for Plaintiff's costs herein expended and for such other and further relief as this Court deems just and proper.

## COUNT VII

### NEGLIGENT MISREPRESENTATIONS AS TO
### DEFENDANT JANSSEN PHARMACEUTICA /JOHNSON & JOHNSON, INC.

57.     Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 56, inclusive, as though fully set out herein.

58.     At the time Manufacturing Defendants Janssen Pharmaceutica and Johnson & Johnson, Inc. manufactured, designed, marketed, sold, and distributed Propulsid for use by Plaintiff, Manufacturing Defendants knew or should have known of the use for which Propulsid was intended and knew or should have known of the serious risks and dangers associated with such use of Propulsid.

59.     Manufacturing Defendants owed a duty to prescribing physicians and ultimate end users, including Plaintiff, to accurately and truthfully represent the risks and benefits of Propulsid. Manufacturing Defendants breached that duty by misrepresenting the risks and benefits of the drug Propulsid to the prescribing physicians and ultimate users, including Plaintiff.

60.     As a direct and proximate result of such negligent misrepresentation by Manufacturing Defendants, Plaintiff sustained injuries and damages on an ongoing basis including injuries throughout his ingestion of Propulsid from 1994 until April of 1996 and thereafter, as each ingestion of Propulsid has contributed to plaintiff's ultimate injury.

61.     The acts and omissions of Manufacturing Defendants toward Plaintiff as described above were done with evil motive, intent to injure, ill will, and fraud for which  Plaintiff seeks the additional award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Manufacturing Defendants as follows:

(a)     for physical and mental pain and suffering and other non-pecuniary damages to date and in the future;

(b)     for medical bills to date, and in the future;

(c)     for loss of earnings to date, and in the future;

(d)     for punitive damages as are fair and reasonable;  and

(e)     for Plaintiff's costs herein expended and for such other and further relief as this Court deems just and proper.

## COUNT VIII

### FRAUDULENT CONCEALMENT/SUPPRESSION AS TO DEFENDANT JANSSEN PHARMACEUTICA/JOHNSON & JOHNSON, INC.

62.     Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 61, inclusive, as though fully set out herein.

63.     At the time Manufacturing Defendants marketed, sold, and distributed Propulsid for use by Plaintiff, Manufacturing Defendants knew of the use for which Propulsid was intended and impliedly and expressly warranted the product to be of merchantable quality and safe and fit for such use.  Manufacturing Defendants changed the product label for Propulsid on June 26, 1998, to more accurately reflect the severity of the toxic effect the drug has on the heart and continued to change the product label until March 2000.  Manufacturing Defendants intentionally and deliberately withheld and delayed providing these additional warnings and information from the consuming public and  Plaintiff concerning the severity of the toxic effect Propulsid has on the heart. This conduct amounted to fraudulent concealment or suppression of important and pertinent

information which was needed by the prescribing physicians to make an informed and appropriate decision about the use of Propulsid and the warnings to pass on to their patients.

64.     As the proximate, producing, and legal cause of Manufacturing Defendants' fraudulent concealment or suppression, Plaintiff was damaged as described previously in this pleading.

65.     The aforesaid acts of fraudulent concealment/ suppression by Manufacturing Defendants toward Plaintiff were done with evil motive, intent to injure, ill will, and fraud for which Plaintiff seeks the additional award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Manufacturing Defendants as follows:

(a)     for physical and mental pain and suffering and other non-pecuniary damages to date and in the future;

(b)     for medical bills to date, and in the future;

(c)     for loss of earnings to date, and in the future;

(d)     for punitive damages as are fair and reasonable;  and

(e)     for Plaintiff's costs herein expended and for such other and further relief as this Court deems just and proper.

## COUNT IX

## BATTERY AS TO DEFENDANT JANSSEN PHARMACEUTICA/JOHNSON & JOHNSON, INC.

66. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 65, inclusive, as though fully set out herein.

67. Manufacturing Defendants intentionally engaged in the conduct of manufacturing, distributing, and marketing Propulsid, a harmful substance, to the public, including Plaintiff. Manufacturing Defendants intentionally orchestrated a harmful and offensive contact with Plaintiff thereby causing harm to Plaintiff.

68. As the proximate, producing, and legal cause of Manufacturing Defendants' harmful contact, Plaintiff sustained injuries and damages on an ongoing basis including injuries throughout his ingestion of Propulsid from 1994 until April of 1996 and thereafter, as each ingestion of Propulsid has contributed to plaintiff's ultimate injury.

69. The aforesaid acts by Manufacturing Defendants toward Plaintiff are characterized by evil motive, intent to injure, ill will, and fraud for which Plaintiff seek the additional award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Manufacturing Defendants as follows:

(a)    for physical and mental pain and suffering and other non-pecuniary damages to date and in the future;

(b)    for medical bills to date, and in the future;

(c)    for loss of earnings to date, and in the future;

(d)    for punitive damages as are fair and reasonable;  and

(e)     for Plaintiff's costs herein expended and for such other and further relief as this Court deems just and proper.

## COUNT X

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT JANSSEN PHARMACEUTICA / JOHNSON & JOHNSON, INC.

70.     Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 69, inclusive, as though fully set out herein.

71.     The acts, omissions, and representations of Manufacturing Defendants regarding the manufacturing, distribution, and marketing of Propulsid as described in the factual allegations and in Counts I, IV, V, VI, VII, VIII, IX, X, and XI were intentional, reckless, extreme, and outrageous.   As a result of such conduct, Plaintiff suffered severe emotional distress.

72.     The aforesaid acts by Manufacturing Defendants toward Plaintiff were done with evil motive, intent to injure, ill will, and fraud for which Plaintiff seeks the additional award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Manufacturing Defendants as follows:

(a)     for physical and mental pain and suffering and other non-pecuniary damages to date and in the future;

(b)     for medical bills to date, and in the future;

(c)     for loss of earnings to date, and in the future;

(d)     for punitive damages as are fair and reasonable;  and

(e)     for Plaintiff's costs herein expended and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues herein.

Respectfully submitted by:

LAW OFFICES OF J. SCOTT BERTRAM

/s/ Thomas W. Wagstaff
Thomas W. Wagstaff – MO BAR 23764
WAGSTAFF & CARTMELL
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
TEL: (816) 701-1100
FAX: (816) 531-2372

J. Scott Bertram – MO BAR 23715
9229 Ward Parkway, Suite 360
Kansas City, MO 64114
TEL: (816) 523-2205
FAX: (816) 523-8258

and

Wm. Dirk Vandever – MO BAR 24463
THE POPHAM LAW FIRM
323 W. 8th Street, Suite 200
Kansas City, MO 64105
TEL: (816) 221-2288
FAX: (816) 221-3999